
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 16, 2016

**DONNIE DAVENPORT v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Cumberland County**
**No. 12-0320    David A. Patterson, Judge**

_____

**No. E2016-00760-CCA-R3-PC**

_____

The Petitioner, Donnie Davenport, appeals from the Cumberland County Criminal Court's denial of his petition for post-conviction relief from his jury trial conviction of promotion of the manufacture of methamphetamine, for which he is serving a twelve-year, Range III sentence. He contends that the post-conviction court erred in denying his claim, which is premised upon ineffective assistance of counsel allegations. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and TIMOTHY L. EASTER, JJ., joined.

Jeffrey A. Vires, Crossville, Tennessee, for the appellant, Donnie Davenport.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; Bryant C. Dunaway, District Attorney General; Amanda Worley, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner raised three allegations of ineffective assistance of counsel that are pertinent to this appeal: (1) failure to meet with the Petitioner to formulate a defense before the trial, (2) failure to file a motion to suppress evidence, and (3) failure to advise the Petitioner that he could be impeached with his prior convictions if he testified at the trial. In the conviction proceedings, trial counsel did not file a motion for a new trial or a notice of appeal. The Petitioner eventually filed a petition for post-conviction relief and a motion for a delayed appeal. The trial court granted the motion for a delayed appeal and stayed the post-conviction action until the delayed appeal was resolved. This court denied relief on the merits of the Petitioner's delayed appeal of the conviction. _State v._

*Donnie Dewayne Davenport*, No. E2014-02545-CCA-R3-CD, 2015 WL 5925118, at *1, 3 (Tenn. Crim. App. Oct. 12, 2015).

At the post-conviction hearing, the Petitioner testified that trial counsel visited him once at the jail before the trial and that the meeting lasted about fifteen minutes. He said he met with counsel once outside the courtroom for about ten to fifteen minutes. The Petitioner stated that these were his only pretrial meetings with counsel. The Petitioner said counsel told him that he "had better take this charge, better do this and that." The Petitioner said, "Mostly he just threatened me with what they had offered me, told me I had better take it." The Petitioner said the offer was for six years as a Range II offender, and he acknowledged that he knew he could receive a greater sentence if he were convicted at a trial. The Petitioner said he told counsel that he would not accept the plea offer because he was not guilty.

Relative to filing a motion to suppress, the Petitioner testified that he asked trial counsel "a bunch of stuff" that the Petitioner could not remember. He said counsel acted as if he could not or would not file a suppression motion.

The Petitioner testified that although he brought things to trial counsel's attention during the trial, counsel did not mention them in the proceedings. The Petitioner said he asked counsel if the State had tested a bottle that was recovered. The Petitioner said that the State's theory was that he had used the bottle to manufacture methamphetamine but that he had actually used it to hold gasoline, which he used to burn debris. The Petitioner said counsel did not take any action on his inquiry about having it tested. He said he had wanted counsel to ask the jury if they had the same items at their homes, such as turkey basters and ice packs, which the State alleged were components the Petitioner used to manufacture methamphetamine. The Petitioner complained that counsel just sat and looked at a piece of paper and did not speak up during the trial. He acknowledged, though, that counsel had cross-examined a law enforcement officer about whether some of the items the police recovered were commonly used to make methamphetamine.

When shown a petition for trial counsel's attorney's fees, the Petitioner stated that he had spoken with counsel for two or three minutes at the courthouse and that the only time counsel spent any length of time with him was in their one meeting at the jail. When asked about a statement in his pro se and his amended petitions that said counsel did not talk to the Petitioner until the day of the trial, however, the Petitioner testified that counsel had not talked to him until the day of the trial, notwithstanding his previous testimony about the jail meeting and brief courthouse discussions. He later said that counsel had not talked to him "like he should have . . . about the trial" and instead had talked about the plea offer.

The Petitioner testified that he did not own the property where he encountered police officers. He said he had lived in a tent in the woods after being released from

-2-

incarceration and that after a year, he bought a camper and moved to the property in question. He said a person, whom he did not identify, had given him permission to stay there in exchange for cleaning the property after a trailer fire. He said he cleaned the property and placed debris in a burn pile. He said that the property was undeveloped and that the only structure was a small barn.

The Petitioner testified that when law enforcement officers came to the property, they "snuck up behind" him when he was getting gasoline out of the outbuilding to mow the yard. He said they asked him to open the outbuilding because they had received a report that he had stolen property. He said he told the officers he would not unlock the building without a warrant. He said that he was taken into custody and that the officers did not recover any stolen property.

The Petitioner testified that his prior convictions were mentioned at the trial. When asked if he had "approximately eleven prior felony convictions," he responded, "I guess." He acknowledged an aggravated burglary conviction but said he had not been guilty and had pleaded guilty in order to avoid convictions for driving under the influence. He acknowledged that it had been his decision to testify. He said that he had not known that he could be impeached with his prior convictions if he testified and that trial counsel never told him this.

The Petitioner acknowledged a letter from trial counsel urging the Petitioner to accept the plea offer, and the letter was received as an exhibit. The Petitioner agreed that he had received the letter. He agreed that the letter stated a sentence for an offense could be enhanced with his eleven prior felony convictions. He agreed the letter stated that after counsel and the Petitioner had reviewed the charges, the Petitioner had rejected the plea offer in favor of a trial. He agreed that the letter stated counsel's advice was not to proceed to a trial. The Petitioner agreed that he made the decision to go to trial. He said he had a ninth-grade education and could not read well. He said he had not read the letter from counsel but acknowledged he had someone read it to him. He acknowledged he never told counsel he could not read well.

The Petitioner testified that he did not recall the trial judge's talking to him outside the presence of the jury before the Petitioner testified. He did not recall responding positively when the judge asked if the Petitioner made the decision to testify after consulting with his attorney. He did not recall responding affirmatively when asked by the judge if he understood that by testifying, he would be subject to cross-examination. He likewise did not recall responding positively when the judge asked if the Petitioner understood that cross-examination might include matters about the prior convictions. The Petitioner did not recall signing paperwork relative to his decision to testify.

Trial counsel identified his fee claim petition, which was received as an exhibit and reflected four pretrial conferences between counsel and the Petitioner, a conference

on the day the trial began, and additional court appearances. Counsel agreed that the form reflected multiple meetings on multiple dates between himself and the Petitioner. Counsel said that he reviewed the plea offer in detail with the Petitioner. Counsel said he told the Petitioner that the State's case could only be countered by the Petitioner's testifying but that the Petitioner would not be a credible witness due to his eleven prior felony convictions. Counsel said the Petitioner wanted to testify and made the decision to do so. Counsel said he had believed the Petitioner was not guilty because the Petitioner was "penniless" and showed no signs of methamphetamine use. Counsel said he believed the Petitioner's claim of having found a cooler on the side of the road and hanging it in the outbuilding. Counsel said he made these arguments to the jury. Counsel denied that he failed to visit the Petitioner after saying he would do so.

Trial counsel testified that he sent the Petitioner the letter that was previously received as an exhibit. He agreed that he advised the Petitioner in the letter to accept the plea offer. Counsel agreed that before the Petitioner testified, the Petitioner was advised of his rights relative to testifying or not testifying in accord with *Momon v. State*, 18 S.W.3d 152 (Tenn. 1999).

Trial counsel testified that he did not file a motion to suppress the evidence recovered as a result of the search of the outbuilding. He concluded after reading the relevant documents that reasonable grounds existed for the warrant. He agreed that the State's evidence consisted solely of the items recovered in the search and that if the evidence had been suppressed, no basis would have existed to support a conviction.

The post-conviction court found that the Petitioner was not a credible witness and credited the testimony of trial counsel. The court noted, as well, the documentary evidence that supported counsel's testimony. The court found that the Petitioner had not established by clear and convincing evidence that counsel's performance was deficient and that the Petitioner had been prejudiced. The court denied post-conviction relief. This appeal followed.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2012). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2012). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . , are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Relative to the Petitioner's claim that trial counsel provided ineffective assistance of counsel by failing to meet with him before the trial in order to formulate a defense, the evidence does not preponderate against the post-conviction court's determination that the Petitioner was not a credible witness. *See Henley*, 960 S.W.2d at 578; *Fields*, 40 S.W.3d at 456-57. The Petitioner testified about two pretrial meetings with trial counsel, but the Petitioner's testimony was at odds with that of counsel, who stated that he reviewed the case in detail with the Petitioner on at least four occasions. The letter counsel wrote to the Petitioner stated that they had "reviewed the charges at length," and the fee claim petition reflects four pretrial conferences between counsel and the Petitioner, a conference on the day the trial began, and additional court appearances. The Petitioner is not entitled to relief on this basis.

Regarding the Petitioner's claim that trial counsel failed to file a motion to suppress evidence of the search, the post-conviction court determined that the Petitioner failed to prove his claim. Counsel testified that he reviewed the relevant documents and

determined that no legal basis existed to challenge the search warrant. The court observed in its comments at the conclusion of the hearing that the Petitioner failed to show that he would have prevailed on a motion to suppress if counsel had filed the motion. The court did not err in denying relief on this basis.

Finally, with regard to the Petitioner's claim that trial counsel failed to advise the Petitioner that he could be impeached with his prior convictions if he testified at the trial, the evidence does not preponderate against the post-conviction court's adverse credibility determination regarding the Petitioner. The Petitioner testified that counsel did not explain impeachment with prior convictions, but counsel testified that he did. Counsel's testimony was corroborated by the letter received as an exhibit, in which, counsel stated, "[I]t is my belief that the testimony you offer in defense will not be sufficient to overcome the testimony offered by the [State] and that because of your extensive criminal history the credibility of your testimony will be very questionable." The Petitioner is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE